UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DONALD ROUNDS,

      Defendant.

**DECISION AND ORDER**
10-CR-239S (2)

# I. INTRODUCTION

Presently before this Court is Defendant Donald Rounds's Motion for Compassionate Release, which the government opposes.[1]  See 18 U.S.C. § 3582 (c)(1)(A).  For the reasons discussed below, Rounds's motion is denied.

# II. BACKGROUND

On November 10, 2015, Rounds pleaded guilty to Count 1 of the superseding indictment against him, which charged racketeering conspiracy involving murder, in violation of 18 U.S.C. § 1962 (d).  (Docket Nos. 696, 702.)  On June 8, 2016, this Court sentenced Rounds to 216 months' imprisonment, 5 years' supervised release, a $100 special assessment, and no fine, fees, or costs, in accordance with the Rule 11 (c)(1)(C) sentencing provisions of the plea agreement.  (Docket Nos. 787, 788.)  Rounds is presently serving his sentence at FCI Yazoo City Low, with a release date of September

---

[1] Rounds also requests appointment of counsel. (Motion for Compassionate Release, Docket No. 873, p. 1.)  There is, however, no right to counsel for collateral attacks on a conviction or sentence, such as a motion for compassionate release.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).  Moreover, Rounds has failed to demonstrate that the interests of justice require the appointment of counsel, for example, that he has a reasonable likelihood of succeeding on the merits.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985).  Rounds's request for counsel is therefore denied.

1

4, 2025.[2]

On June 25, 2021, Rounds filed a motion for compassionate release (sentence reduction) under 18 U.S.C. § 3582 (c)(1)(A)(i).  (Docket No. 873.)  He argues that his rehabilitation, time spent incarcerated, and the possibility of contracting COVID-19, even with no underlying health conditions, constitute extraordinary and compelling reasons warranting his release.  The government opposes the motion.  (Docket No. 877.)

### III. DISCUSSION

**A.     Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[3] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with

---

[2] See https://www.bop.gov/inmateloc/ (last visited September 27, 2021).

[3] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion. See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions. See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

>applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is not jurisdictional, but rather, is a claim-processing rule that may be waived or forfeited by the government. See United States v. Saladino, 7 F. 4th 120, 121-124 (2d Cir. 2021) (per curiam). If invoked, however, the exhaustion requirement must be enforced because it is a mandatory claim-processing rule. See id. at 125 (Menashi, J., concurring); see also United States v. Schultz, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf,[4] or (2) 30 days lapse from the date the warden

---

[4] The Scparta court explained the administrative process before the Bureau of Prisons as follows:
>First, an inmate must request the warden of her facility to file a

3

of the defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13, Application Notes.  Notably, however, the Second Circuit has held that U.S.S.G. § 1B1.13 no longer constrains a district court's consideration of what qualifies as extraordinary and compelling reasons for compassionate release because "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.  Neither Application Note 1(D), nor anything else in the now-outdated version of

---

compassionate-release motion on her behalf.  28 C.F.R. § 571.61 (a).  Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director.  Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

Guideline § 1B1.13, limits the district court's discretion." United States v. Brooker, 976 F.3d 228, 234-37 (2d Cir. 2020); see also United States v. Jones, 17 CR 214 (CM), 2021 WL 4120622, at *1-2 (S.D.N.Y. 2021).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and
>
> (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 448 F. Supp. 3d at 186.

**B.   Rounds's Motion for Compassionate Release**

  **1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf,

or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582 (c)(1)(A).

Here, Rounds submitted his request for compassionate release to the warden of FCI Yazoo City Low on May 12, 2021, but it is unclear whether the warden acted on the request. (Docket No. 873, pp. 11-12.) In any event, 30 days have lapsed since May 12, 2021, and therefore, Rounds has satisfied the statutory exhaustion requirement, and the government does not contend otherwise. (See Docket No. 877, p. 2 (recognizing Rounds's request to the warden).)

**2. Extraordinary and Compelling Reasons for Sentence Reduction**

Rounds has served approximately 137 months of his 216-month sentence. He is a 36-year-old man in good health who admits having "no underlying health conditions." (Docket No. 873, p. 9.) This admission is consistent with the presentence investigation report, which reflects that Rounds was in good physical health at the time of sentencing (June 2016). (Presentence Investigation Report, Docket No. 789, ¶ 118.)

Rounds first contends that compassionate release is warranted because even without an underlying medical condition, he is still generally at risk of contracting COVID-19. Such a generalized fear, however, does not constitute an extraordinary and compelling reason for compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Nwankwo, No. 12 Cr. 31 (VM), 2020

WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease"); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (denying compassionate release where defendant failed to demonstrate a specific medical condition that placed him at extraordinary risk of infection or severe illness from COVID-19); United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020).

Moreover, there are currently only two positive inmate cases and zero positive staff cases at FCI Yazoo City Low.[5]  And in any event, institutional conditions alone do not "warrant the wholesale release of all its inmates," particularly in this case, where Rounds has no underlying medical conditions that make him particularly susceptible to severe illness from COVID-19.  United States v. McIndoo, 1:15-CR-142 EAW, 2020 WL 2201970, at *4 (W.D.N.Y. May 6, 2020).

Rounds next argues that compassionate release is warranted because he has already served a significant amount of time in prison—more than 11 years.  Service of a sentence alone, however, does not constitute an extraordinary and compelling reason for a sentence reduction.  See United States v. Johnson, 18-CR-907-PAC-2, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) ("The fact that Johnson has served most of his sentence and is scheduled to be released in less than three months is not an extraordinary and compelling reason for a sentence reduction in this case, either."); United States v. Aswat, 04 Cr. 356, 2021 WL 2018207, at *4 (S.D.N.Y. May 20, 2021)

---

[5] See https://www.bop.gov/coronavirus/ (last visited September 27, 2021).

(finding service of approximately 90% of sentence not extraordinary and compelling).

Finally, Rounds argues that compassionate release is warranted because he has successfully rehabilitated himself while incarcerated. Rehabilitation alone, however, cannot be considered an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994 (t); Brooker, 976 F.3d at 234 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (emphasis in original) (quoting 28 U.S.C. § 994 (t)). While Rounds's efforts at rehabilitating himself are laudable and should be continued, they do not alone or in combination with his other arguments constitute an extraordinary and compelling reason for compassionate release. See United States v. Steele, No. 3:19-cr-65-VLB-2, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) (finding that "because the other claimed circumstances are unpersuasive and unsupported, [defendant's] rehabilitation cannot be considered an extraordinary and compelling reason"); United States v. Richiez-Castillo, 00-CR-54-RJA, 2021 WL 1746426, at *6 (W.D.N.Y. May 4, 2021) (finding that rehabilitation could not be considered an extraordinary and compelling reason for sentence reduction in the absence of other grounds).

Accordingly, for all of the reasons stated above, this Court finds that Rounds has failed to demonstrate circumstances, viewed in isolation or in combination, that constitute an extraordinary and compelling reason for a sentence reduction.

### 3. Consideration of the § 3553 (a) Factors

Even if Rounds had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are

outweighed by consideration of the § 3553 (a) factors and that Rounds's original sentence would be severely undermined by a sentence reduction.  See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 2020 WL 91399, at *7.  The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553 (a).

Rounds's criminal conduct is particularly egregious.  From 2004 to 2010, he was a member and associate of the "Rounds Crew," a criminal enterprise that engaged in extensive narcotics trafficking in the City of Buffalo and protected its "turf" through repeated acts of violence.  Within this organization, Rounds trafficked significant amounts of marijuana and participated in the 2009 murder of Shawn Kozma, who members of the "Rounds Crew" believed was cooperating with law enforcement.  Rounds and other gang members beat Kozma at length and eventually shot him to death.  After the murder, Rounds wrapped Kozma's dead body in a blanket and put it in the back of a van.  Later that night, gang members burned Kozma's body in a vacant lot.

For this aggravated criminal activity, this Court imposed a 216-month sentence, which Rounds agreed to.  This is a fair, just, and reasonable sentence which, in this Court's view, would be severely undermined by a reduction to time served.  Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from

future crimes by the defendant.  See 18 U.S.C. § 3553 (a).  Such a reduction would also result in unwarranted sentencing disparities.  Id.; see also United States v. Stewart, 10-CR-239S, 2021 WL 248006 (W.D.N.Y. Jan. 26, 2021) (denying request to reduce 216-month sentence of "Rounds Crew" member who participated in narcotics trafficking and murder).  Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4.  Consistency of a Reduction with U.S.S.G. § 1B1.13

Finally, even if Rounds had demonstrated extraordinary and compelling reasons for a sentence reduction that are not outweighed by consideration of the § 3553 (a) factors (which he has not), this Court would find that a sentence reduction is not consistent with U.S.S.G. § 1B1.13.  See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2).  This inquiry requires a determination as to whether the defendant poses a danger to the safety of any person or to the community if released.

As indicated above, Rounds has proven himself a dangerous individual.  He trafficked narcotics in a defined territory as a member of the "Rounds Crew" and protected that territory through violence and intimidation.  As part of this criminal enterprise, Rounds murdered Kozma to silence him and then callously disposed of his body.  Rounds has thus demonstrated a history and propensity for violence that makes him a danger to the community if released.

## IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted.  Rounds's

motion will therefore be denied.

## V. ORDER

IT HEREBY IS ORDERED, that Rounds's Motion for Compassionate Release (Docket No. 873) is DENIED.

SO ORDERED.

Dated:    September 28, 2021
          Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
